ERASTUS SMITH *vs.* THE INHABITANTS OF WENDELL.

A town is not liable for an injury occasioned to a traveller, passing from a public highway to a railroad station through a road opened by the proprietors of the railroad for that purpose, by a block of stone, lying within the limits of the highway, as located, and obstructing the entrance to the road to the station, if it does not obstruct the road-bed of the highway.

THIS was an action on the case to recover damages for an injury to the plaintiff, by reason of a defect in a highway in the town of Wendell. The highway described in the declaration was one running from the town of Northfield, southerly, across Miller's River and the Vermont and Massachusetts Rail-

road to the village of Wendell; and was alleged to have been defective by reason of a large stone lying in the road, between the bridge over Miller's River, and said railroad crossing. At the trial, which was in the court of common pleas, before *Bishop*, J., it appeared in evidence, that the Wendell station of the Vermont and Massachusetts Railroad Company was a few rods east of the railroad crossing, and on the north side of the railroad track; that a road opened by the railroad corporation ran from the station, west, to the highway joining the same, very near the point where the highway crossed the railroad track; that a week or ten days before the injury complained of, the cars of the Vermont and Massachusetts Railroad Company commenced running to the Wendell station; that, on the day of the accident, the plaintiff arrived at the station in the cars, and then took the stage coach for Brattleborough; that the coach left the station by the road running from the station to the highway described in the declaration; that, in turning into the highway, the coach struck a large granite block, lying at or near the point of junction of the two roads, was upset, and the plaintiff was seriously injured.

The principal question put to the jury was in relation to the position of this granite block. There was evidence tending to show that it lay a little north of the point of junction of the two roads, with one end upon the east bank of the highway, and the other end projecting into the highway, and covering the wheel ruts. There was also evidence tending to show that it lay a little east of the point of junction of the two roads, wholly within the limits of the public highway described in the declaration, and within the portion of it used for travel to and from the station, but not within the portion of it appropriated to the north and south travel.

The plaintiff requested the court to instruct the jury, " that, if the injury was occasioned by a defect within the limits of the highway, and upon a part appropriated to public travel, to and from the station of the Vermont and Massachusetts Railroad Company, by means of a road made by the company, and dedicated to public use, leading from the station to

the point of intersection with the highway, the town was liable." There was no evidence of the dedication of the road to public use, except that it was a passage opened and used for the purpose of passing from the highway to the station, as before stated; and the judge declined to give the instruction requested; but instructed the jury, " that if the stone alleged to have caused the accident was not a defect or want of repair in the highway, and was an obstacle and unsafe to those only passing from the private way into the highway, the private way not being so made as to admit of safe and convenient turn and entrance upon the highway, and if, in consequence of the private way being so made, the coach was upset by the stone, the defendants were not liable; if, however, the stone made the highway unsafe, and caused the injury alleged, the driver exercising ordinary care and prudence, the defendants were liable." The judge also ruled, that the defendants were bound to have the highway safe and convenient, and of sufficient width for travellers thereon.

The jury retired, and after being out some time returned into court, and through their foreman asked the judge whether, if the stone lay within the limits of the highway, as located, obstructing the entrance of the road to the station, but not obstructing the road-bed worked for north and south travel, the town was liable. To which the judge replied that, in that case, the town was not liable.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*G. Ashmun* and *D. W. Alvord,* for the plaintiff.

*C. P. Huntington* and *D. Aiken,* for the defendants.

DEWEY, J. It has become well settled law, that towns are not necessarily chargeable with damage arising from every obstruction within the limits of a located highway. They are not liable for such obstructions in portions of the high-way not a part of the travelled path, and not so connected with it that they will affect the security or convenience for travel of those using the travelled path.

Hence, in a late case, *Shepardson* v. *Colerain,* 13 Met. 55, it was held, where the injury was sustained by a party using

the public road for the purpose of entering upon his private way, although it was occasioned by an obstruction within the limits of the located highway, but without the road for public travel, that the town was not liable.

The present case presents a question very similar in principle. The court instructed the jury, that if the alleged obstruction rendered the public highway unsafe, and thereby caused the injury complained of, the defendants were liable. The jury were also instructed, that the defendants were bound to have the highway of sufficient width for travelling. But the plaintiff insists that, if any obstruction within the limits of the located highway occasioned an injury to a traveller passing from the public highway to a road leading to the station of the Vermont and Massachusetts Railroad, the defendants were liable. It is important to bear in mind the character of this way, leading to the station of the railroad. The counsel have spoken of it as a road by dedication. The facts as to its origin are stated in the report. It was a way opened on the north side of the railroad track, and parallel with it, to enable persons to pass to and from the station. It had been recently opened, and was used for this purpose. There was nothing to show a dedication of this road to the public, and a surrender of the control of the same by the railroad corporation; nothing to show that the corporation might not, the next month, shut it up, and open another way. It was, to all intents and purposes, under their control, the public having only an implied license to pass over it to and from the station. Whenever it shall have acquired a different character, and shall by dedication have become a public highway, so far forth as that the railroad corporation will be taken to have lost all control over it as their way, the public duty may devolve upon the town of Wendell, of keeping the same, and their own highway in the part leading to it, in safe and convenient repair, or to give the notice required by *St.* 1846, *c.* 203, § 3. We think, upon the facts stated in the present case, the instructions of the court of common pleas were right, and that the defendants were not liable for an injury sustained by a traveller passing from the highway to the way leading to the railroad station, by an

obstruction which furnished no ground of complaint against the town in reference to the public travel on the highway.

*Judgment on the verdict.*